[Civ. No. 7262. First Appellate District, Division Two.—May 9, 1930.]

WALTER BORTON, Respondent, v. P. A. WEEGER et al., Appellants.

A. G. Ritter and Benno M. Brink for Appellants.

John J. Craig for Respondent.

BURROUGHS, J., *pro tem.*—This is an action upon a promissory note. Plaintiff was awarded judgment and the defendants appeal.

The complaint alleges that on July 25, 1924, the defendants executed and delivered to plaintiff the following promissory note:

"$17,993.67                    ·Los Angeles, Cal., July 25, 1924.

"Two years after date and for value received, we promise to pay to Walter Borton or order at Los Angeles, California, the sum of Seventeen Thousand nine hundred ninety three 67/100 Dollars, with interest from date until paid, at the rate of six (6%) per cent per annum, payable semi-annually. Should the interest not be so paid, it shall become a part of the principal, and thereafter bear like interest as the principal. When the building located at 420 South Westlake avenue is sold half of this note shall be paid at the close of such sale, and when the furnishings and lease in said building are sold, the other half shall be paid at the close of such sale. If both are sold the full amount of this note, with secured interest, shall be paid from the proceeds of such sale."

The answer admits the making of the note, but alleges that it was given without consideration. By a cross-complaint defendants seek to recover the sum of $3,920.98, alleged to be a balance of rent unpaid. By answer to the cross-complaint the plaintiff denied the indebtedness.

The court found that the promissory note was made and executed as alleged in the complaint; that the plaintiff is the owner and holder thereof; that the building mentioned in the promissory ·note, and the furnishings mentioned therein, have been sold; that the only sum paid on said note was $1,079.62 interest; that the amount due and unpaid at the date of the judgment was $20,392.41; that defendants on or about February 11, 1924, were the owners of the building and premises known as the Regina Hotel, situated at 420 South Westlake Avenue, Los Angeles City; that defendants have sold said premises, together with the furniture and fixtures contained therein; that on February 11, 1924, plaintiff and defendants entered into a lease of the premises described, but that on July 25, 1924, said lease was canceled by mutual consent of the parties and since said date has been of no binding force or effect; that it is not true that there is any rental due the defendants from the plaintiff. Judgment was therefore entered in favor of the plaintiff in accordance with the terms of said promissory note.

Appellants' first point of error is that there was no sufficient showing that the building or the lease and furniture

were sold or the price for which they were sold. It is alleged in the cross-complaint that on or about April 1, 1925, "defendants were by the creditors compelled to sell said premises." Defendant P. A. Weeger testified at the trial that he had disposed of the furniture on approximately April 20, 1927. The testimony of the plaintiff was that the lease had been canceled by the mutual consent of the parties on or about July 25, 1924. While our attention has not been called to any price received by the defendants for the property sold, it is immaterial. In so far as the lease is concerned, it appears that defendants have sold both the premises and furniture and furnishings and there is, therefore, even under defendants' claim, no lease to be sold before the note would be due.

It is further advanced as a reason for a reversal of the judgment that the note sued upon was to be paid out of the proceeds of the sale of the building, the lease and the furniture. The note fell due two years after date, but if the property were sold before that date, in our opinion, such sale accelerated the due date of the note; if the building were sold, one-half was due immediately after the sale, the same condition prevailed if the furniture were sold, in that event the other half became due; if it were all sold at one sale then the full amount became due, and was payable from the proceeds of the sale. Furthermore, the evidence of the plaintiff is to the effect that after the lease was made he refused to proceed further with it, and threatened to commence an action to cancel the lease because of certain changes in the construction of the building, after the lease was made. That it was then agreed the lease should be canceled, the defendants were to take over the building, also an assignment of the furniture contract that the plaintiff had made for the furnishings to go into the building. That $10,000 already paid to the defendants by plaintiff as security for the performance of the lease, and the first payment of $10,243.67, on the furniture contract, was to be repaid to the plaintiff, less $2,250, which he was to sacrifice.

On March 16, 1925, the defendant P. A. Weeger wrote a letter to plaintiff inclosing interest on the note. Again on July 24, 1926, said defendant wrote another letter to the plaintiff in which he acknowledged the note, and stated that if he closed a certain deal he had on hand he would be able

to take care of the note and would appreciate an indulgence for a few days.

This evidence is sufficient to uphold the findings of the court and satisfies us that they are correct.

The judgment is affirmed.

Sturtevant, J., and Nourse, P. J., concurred.